Aristides Omar MANTILLA; Felicitas Betty Gutierrez de Mantilla, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–71003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Nov. 22, 2006.

Helen B. Zebel, Esq., Law Office of Helen B. Zebel, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Douglas E. Ginsburg, Esq., John D. Williams, Esq., Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., for Respondent.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

MEMORANDUM *

Aristides Omar Mantilla petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal.

Substantial evidence supports the conclusion of the Immigration Judge ("IJ") that Mantilla failed to establish eligibility for asylum. Mantilla did not establish a connection between threats made against his family and one of the five statutory grounds for asylum. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1028–30 (9th Cir.2000) (holding that dangers arising from police work do not support a claim of persecution on account of a protected ground). Mantilla also has presented no evidence that his alleged persecutors were aware of Mantilla's actual political opinions or imputed any political opinions to him. *Cf. Vera–Valera v. INS,* 147 F.3d 1036, 1039 (9th Cir.1998) (granting asylum based on imputed political opinion after Shining Path members threatened petitioner, calling him "a spy for the government, a capitalist bureaucrat and a traitor").[1]

Mantilla argues that the BIA's streamlining of his appeal violates due process. This claim lacks merit. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003); *Yeghiazaryan v. Gonzales,* 439 F.3d 994, 1000 (9th Cir.2006) (applying *Falcon Carriche* to an asylum claim and

1. As Mantilla has not established eligibility for asylum, he has not met the higher burden of proving eligibility for withholding of removal. *See Kumar v. Gonzales,* 439 F.3d 520, 525 (9th Cir.2006).

holding that such a due process argument "lacks merit"). Petitioner's case was appropriately streamlined under 8 C.F.R. § 1003.1(e)(4). *See, e.g., Matter of Fuentes,* 19 I. & N. Dec. 658, 1988 WL 235456 (BIA 1988).

Petition **DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.